## AMOS vs. GRIFFIN.

*Twelfth District Court for San Francisco Co., October, 1857.*

### COMMON PROPERTY (DIVISION OF)—DIVORCE.

Property acquired by a woman, by purchase during coverture, is held in common, and subject to her husband's right of disposition.

Where property is conveyed to a wife by bill of sale, although purchased by her husband, the instrument must govern, and will not permit the presumption that the husband intended it as a gift to her.

Where parties are divorced, and no division of the common property is demanded, or made, whether the wife has a lien upon it for her moiety—*quære*?

This case was tried by the court, sitting as a jury. The facts proven on the trial were, that W. C. Amos was married to plaintiff in September, 1853, previous to which time the former had transferred to defendant, his interest in the pilot boats "Jenny" and "Relief." After the marriage, in November, of the same year, Griffin reconveyed this property to Amos *and wife*, who held it until September 17th, 1855, when the former again transferred it, by bills of sale, to one Reddish, who, in the following November, conveyed it, in the same manner, to *plaintiff*, by name; Griffin, who was the agent of the owners of the boats, paid to Amos the portion of the earnings thereof to which his interest entitled him, not only before, but while it was held by Reddish, and after he had conveyed to plaintiff, as long as Amos continued to be a pilot, but upon the suspension of the latter from that position, the earnings were paid to plaintiff until June last, when Griffin was informed by Culver & Armstrong, lawyers, that they claimed the interest, since which time he has retained the earnings to be disposed of, according to the final adjudications upon the rights in the premises, of plaintiff and Culver & Armstrong. In December, 1856, these latter obtained a judgment by confession, in the justice's court of the second district, of this city, against Amos, upon which they issued execution, and sold the interest of the latter in the two boats, at constable's sale, when they bought in the same for $25, and subsequently, on the 10th of August, 1857, received a bill of sale thereof from the constable, as also one from Amos.

Amos and wife were divorced by a decree of this court in January, 1857.

It was further proven that the interest in question is worth about $1000.

J. B. *Hart*, for plaintiff.

*Brodie* and G. F. & W. H. *Sharp*, for defendants.

*Hart*, for plaintiff, argued:

That the property in controversy, standing in plaintiff's name, she is the legal owner of it. Titles to vessels are regulated like titles to land, joint owners are tenants in common, and defendants having recognized plaintiff as standing in that relation to them, cannot dispute her title, nor can they bring in an outstanding title, and use it to her prejudice; the purchase enures to the common benefit. Field vs. Pilot, 1 *McMullan*, (*S. C.*) 370. The principle rests on the privity between the parties, and the good faith which the connection implies. Van Horn vs. Fonda, 5 *John's Ch.*, 407. In an action of ejectment the tenant is only liable for the rents paid the lessor, *after the service of the writ.* The notice given defendant, by Culver & Armstrong, is not sufficient to have rendered him liable to them for the earnings of the boats, if he had paid them to plaintiff. They should be driven to their action before she should be disturbed in her possession by her co-tenants. *Sedgwick on Measure of Damages*, 119–20.

The next question is, did the assignment, by bills of sale, to plaintiff, give to her title to the property, and is it subject to the debts of the husband? When the husband shall take, in the name of his wife, property or securities, the presumption is that it is a gift. 2 *Fonb. Eq. B. Ch.*, 5 and 3; Back vs. Andrew, 2 *Vern.*, 120; Cook vs. Hutchinson, 1 *Kern.*, 42, 50. Although the property was subject to the debts of the husband, because it was once common property, or the individual property of W. C. Amos, it is not subject to a debt made long after it had passed to plaintiff. Creed vs. Lancaster Bank, 1 *Ohio*; and see more fully to these points, *ante* p. .328

*Brodie, contra,* argued:

*First.*—The property in controversy is shown, by the language of the conveyance, to have been common property, having been acquired by purchase during coverture. 2 *Story's Eq. Jur.*, § 1383. The

*time* when the property was acquired by purchase fixes its *character*, and parol evidence, on the part of the grantee, to change that character, is inadmissible. Davidson vs. Stuart, 10 *Louis.*, 146 ; Brown vs. Cobb, *ib.*, 174, 181.

*Second.*—Mrs. Amos was not a purchaser for a valuable consideration ; so that as to a subsequent purchaser, the conveyance to her was invalid. Wadsworth vs. Havens, 3 *Wend.*, 411.

*Third.*—The doctrine of *estoppel* does not apply. Defendants do not deny the existence of the tenancy in common at one time, but say that the interest has subsequently passed to Culver, under the constable's sale, and the subsequent conveyance by Amos. This averment is entirely consistent with the tenancy in common. Hopcroft vs. Keys, 9 *Bingham*, 613.

*Fourth.*—The fact that defendants have paid the earnings to Mrs. Amos, does not *estop* them from setting up Culver's title, and showing that he had prohibited payment to plaintiff. Doe *ex. dem.* Higginbotham vs. Barton, 11 *Adol. & El.*, 307 ; Doe *ex. dem.* Plevin vs. Brown, 7 *Adol. & El.*, 447.

NORTON, J.—The principal question raised in this case is the same as that settled in Meyer vs. Kinzer,[*] decided this term, viz., the tenure under our law, by which the husband and wife hold property conveyed to them, or her, during coverture. The principal difference between the circumstances of the two cases, affecting this question is, that in that instance the chattel interest, a note and mortgage, was made and delivered to the husband and wife *jointly*, while in the present, the property was conveyed directly to the wife *alone*. Counsel for plaintiff contend that the circumstance of the interest in controversy having been conveyed to the wife alone, and in her own name, raises a presumption that the husband intended it as a gift, or advancement to her, and is sufficient to sustain the claim which she now asserts to it, as her undivided property. This presumption, however, cannot be entertained, for the instrument through which she necessarily claims, if she claim at all, must be held conclusive ; and it shows that the transaction by which the transfer to her was made, by Reddish, in November,

[*] See *ante*, p. 326.

1855, was a *sale;* therefore, the manner by which the title to this property was acquired, comes within the strictest interpretation of the words of our statute, defining the channels through which, if the title to property be derived, it shall be deemed to be held in common. This was a *purchase* by the wife. Being, then, common property, it was subject to Amos' right of disposition, and he having disposed of it, the plaintiff can now claim no title thereto.

It further appears, however, that this interest was common property at the time of the divorce of the plaintiff from her husband, which took place in January, 1857, while the deed from Amos to Culver & Armstrong bore date August 10th, of the same year. This being the case, it should have been divided under order of the court, at the time of granting the decree of divorce. The statute ( *Wood's Cal. Dig.* p. 488 § 2615) regulating these proceedings, provides that the court shall make a division of the property held in common between the parties, at the time, etc.; but in this case no division has in fact been made, and it would seem that it remains subject to the husband's disposition. Certainly it has not become her individual property. Perhaps she has a lien on the property for her moiety thereof, and the proportionate amount of the profits, by virtue of the above provision of the statute. But under the present aspect of the case she is not entitled to recover.

Let judgment be entered accordingly.